OPINION
Appellant Julie Laquey (Busari) appeals a judgment of the Court of Common Pleas, Probate Division, of Guernsey County, Ohio, which committed her to in-patient hospitalization at Six-County, Inc. for evaluation, care, and treatment. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT'S DECISION TO COMMIT THE APPELLANT WAS AGAINST THE MANIFEST EIGHT OF THE EVIDENCE.
The magistrate found by clear and convincing evidence appellant is a mentally ill person in need of treatment. Further, the magistrate found in-patient hospitalization is the least restrictive environment consistent with appellant's treatment needs. The trial court approved the magistrate's order.
The record indicates appellant was admitted to Appalachian Behavioral Health Center on October 30, 2001, by law enforcement officers. On October 31, 2001, the Probate Court issued a temporary order of detention. On November 2, 2001, the court conducted a hearing. At the hearing, Dr. Stewart Fern testified appellant was a mentally ill person subject to hospitalization by court order. Dr. Fern stated appellant was suffering from manic depressive psychosis which was in the manic stage at the time of her initial hospitalization. The county sheriff had removed her from her home because she was extremely agitated, expansive, and euphoric, to the extent of throwing clothing out of the windows and biting a police officer. Dr. Fern testified appellant was out of touch with reality and her judgment was severely impaired. Dr. Fern testified appellant's illness created a grave and imminent risk to the substantial rights of others or herself because of her difficulty in taking care of herself, and possibly, harassment of other persons. However, on cross, the doctor conceded at this particular point in time, appellant was not in any grave or imminent risk to other persons, and had not made any threats against herself.
Scotti Mesarchik, the social worker assigned to appellant's case, testified she had been unable to gather information from appellant. Appellant exhibited hostility, and on each occasion when she was interviewed, gave a different name or title, for example, "Whispering Wind." The social worker testified appellant had not given any relevant information, and was not cooperating in any manner with any treatment.
R. C. 5122.01 provides a person subject to hospitalization by court order must present a substantial risk of physical harm to himself or other members of society at the time of the commitment hearing. In the case of In Re: Burton (1984), 11 Ohio St.3d 147, the Supreme Court set forth a totality of the circumstances test, which included a number of factors. The factors include: (1) whether the individual currently represents a substantial risk of physical harm to himself or other members of society; (2) psychiatric and medical testimony as to the present mental and physical condition of the alleged incompetent; (3) whether the person has insight into his condition such that he will continue treatment as prescribed, or seek professional assistance as need; (4) the grounds upon which the State relies for the proposed commitment; (5) any past history relevant to establish the individuals degree of conformity to the rules, laws, and values of society; (6) if there is evidence the person's mental illness is in a state of remission, the court must also consider the medically suggested cause and degree of the remission, and the probability that the individual in question will continue treatment to maintain a remission of his illness if he is released from commitment, Burton at 149-150.
Appellant argues the record does not contain clear and convincing evidence that, at the time of the hearing, she presented a substantial risk of physical harm to herself or others.
In C. E. Morris Company v. Foley Construction Company (1978),54 Ohio St.2d 279, the Supreme Court directed us not to reverse as being against the manifest weight of the evidence a judgment which is supported by some competent, credible evidence which goes to all the essential elements of the case.
We have reviewed the record, and, applying the evidence to the factors set forth in Burton, supra, we find there is sufficient, competent and credible evidence that supports the court's judgment. Although Dr. Fern testified at this particular time, appellant did not present a risk to herself or others, he testified she had not improved since her commitment and refused all medication. Dr. Fern testified that when she arrived at the hospital, she had been unable to care for herself physically and was out of touch with reality. The doctor further testified appellant believed she had been exploited by other persons, but this could be delusions of persecution other than actual events. From this, we infer appellant's mental illness is not in a state of remission, and she lacks sufficient insight into her condition to cooperate with her treatment. In addition, her psychiatrist testified she had made no real progress, permitting the inference that if appellant was released rather than committed to in-patient hospitalization, she would present a substantial risk of physical harm to herself.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Guernsey County, Ohio, is affirmed.
By GWIN, P.J., EDWARDS, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Probate Division, of Guernsey County, Ohio, is affirmed. Costs to appellee.